UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO. EP-21-CR-01657-FM |
| JOHNNY GEORGE GONZALEZ, | § § § | |
| Defendant. | § § § | |

GOVERNMENT'S UNOPPOSED MOTION FOR DESIGNATION AS
COMPLEX CASE AND TOLLING OF SPEEDY TRIAL PROVISIONS

The United States of America, by and through the United States Attorney for the Western District of Texas, respectfully submits this Unopposed Motion for Designation as Complex Case and Tolling of Speedy Trial Provisions, and for cause would respectfully show this Honorable Court the following:

I.      BACKGROUND

On October 6, 2021, a federal grand jury sitting in the Western District of Texas, El Paso Division returned a six-count indictment in the above-captioned case charging **JOHNNY GEORGE GONZALEZ** with Aggravated Sexual Abuse of a Child and numerous child pornography counts. The case had its first docket call on November 5, 2021. It is currently scheduled again for docket call on December 3, 2021.

This investigation initially began in July 2021 when a Canadian law enforcement agency accessed a forum hosted on the Dark Web, also known as Tor, used exclusively to share and trade child pornography and child erotica. After Canada referred the case to the FBI, it was determined that a participant on the forum was the defendant, Johnny George Gonzalez. The defendant was

arrested on September 9, 2021, and a search warrant was executed contemporaneously for electronic devices within his residence. FBI Special Agents recovered over 75 devices, including computer, hard drives, USB drives, tablets, and cell phones. A review of the defendant's cellular telephone and one cloud storage account suggests that the defendant has been receiving and distributing child pornography beginning as early as 2007. It also revealed that the defendant has produced child pornography of at least 4 children within the Northern District of Texas. So far, approximately 150,000 images of child pornography and child erotica have been located, with many devices left to review. There is a substantial body of discovery in this case, including, but not limited to reports of investigation, video/ audio recordings of forensic interviews of child victims, audio recordings of the subject interview, audio recordings of other adult witnesses, surveillance photographs, phone dumps, other forensic reports, etc. The discovery to be provided to the defense attorney in electronic form is voluminous and extremely sensitive given the nature of the case.[1] Accordingly, the Government requests that this case be designated as a complex case.

## II.    ARGUMENT

The Speedy Trial Act, 18 U.S.C. § 3161, et seq., requires that federal criminal defendants pleading not guilty be tried within seventy (70) days of their indictment or their first appearance before a judicial officer, whichever occurs last. 18 U.S.C. § 3161(c)(1); *United States v. Kingston*, 875 F.2d 1091, 1107 (5th Cir. 1989). If the defendant is not brought to trial within this period, then the indictment must be dismissed. 18 U.S.C. § 3162(a)(2). The Act, however excludes from the calculation of this 70-day period certain specified delays, including:

Any period of delay resulting from a continuance granted by any judge on his own

---

[1] This statement regarding the voluminous nature of discovery is not to suggest that the Government will be providing child pornography to defense counsel. The videos and images will, however, be made available for his review at a secure facility.

motion or at the request of the defendant or his counsel or at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.   No such period of delay ... shall be excludable ... unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Fifth Circuit counsels that courts granting an "ends of justice" continuance must consider at least one of the factors specified by the Act.   *United States v. Ortega-Mena*, 949 F.2d 156, 159 (5th Cir. 1991).   The factors applicable to this case include:

(i)     Whether the failure to grant such a continuance in the proceeding would ... result in a miscarriage of justice; (18 U.S.C. § 3161(7)(B)(i));

(ii)    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established [by the Speedy Trial Act]; and

(iii)   Whether the failure to grant such a continuance which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would ... deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(7)(B)(i), (ii) & (iv).

In this case, the Government seeks a designation of the case as "unusual and complex." There is a substantial body of discovery in this case, including, but not limited to reports of investigation, video/audio recordings of witness interviews, audio recordings of subject interviews, surveillance photographs, phone dumps, other forensic reports, etc. The discovery to be provided to the defense attorneys in electronic form is over three gigabytes of information. Thus, under Fifth Circuit precedent, it would be within the Court's discretion to designate this case as a complex case, and, in turn, the ends of justice would require a tolling of the Speedy Trial Act.

Alternatively, the Government submits the amount of discovery in this case requires further time for trial preparation both by the Government and the defendant.   It is reasonable to believe that an analysis of this information, its admissibility and its impact on the case as a whole will take more than the 70-days allotted under the Speedy Trial Act.

The Parties' request is consistent with Fifth Circuit case law holding that a designation based on the volume of discovery and the complexity of the case is consistent with cases interpreting section 3161(h)(7).   *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002), *citing United States v. Dota*, 33 f.,3d 1179, 1183 (9th Cir. 1994) (finding that "[a]n ends-of-justice continuance may be justified on grounds that one side needs more time to prepare for trial"); *United States v. Wellington*, 754 F.2d 1457, 1467 (9th Cir. 1985) (upholding the complexity of a mail fraud prosecution as a proper ground for the granting of a continuance); *United States v. Chalkias,* 971 F.2d 1206, 1211 (6th Cir. 1992) (upholding the grant of a continuance based on the complexity of an interstate cocaine conspiracy); and *United States v. Thomas,* 774 F.2d 807, 811 (7th Cir. 1985) (upholding an ends-of-justice continuance based on the complexity of a fraud case with numerous defendants and thousands of financial documents).

The Government respectfully submits that a tolling of the Speedy Trial Act is appropriate in this case, based on the foregoing factors.

The undersigned has spoken with Louis Lopez, Jr., Attorney for Johnny George Gonzalez, who has indicated that he is not opposed to this motion designating the case as complex.

### III.   CONCLUSION

WHEREFORE, premises considered, the Government respectfully requests that the Court grant its Motion in all respects and order the relief requested.

Respectfully submitted,

ASHLEY C. HOFF
UNITED STATES ATTORNEY


By:      ___/s/_____
         MICHELLE A. WINTERS
         Assistant U.S. Attorney
         New York Registration #5327473
         700 E. San Antonio, Suite 200
         El Paso, Texas   79901
         (915) 534-6884


## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court and a copy was provided to: Louis Lopez, Jr., Attorney for Defendant.


By:      /s/_____
         MICHELLE A. WINTERS
         Assistant U. S. Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO. EP-21-CR-01657-FM |
| | § § | |
| JOHNNY GEORGE GONZALEZ, | § § | |
| | § § | |
| Defendant. | § § § | |

**ORDER ON GOVERNMENT'S UNOPPOSED MOTION TO DESIGNATE
COMPLEX CASE AND TOLLING OF SPEEDY TRIAL PROVISIONS**

Came on this date to be considered the Government's Unopposed Motion For Designation As Complex Case and Tolling Of Speedy Trial Provisions in the above styled cause, and after considering the same, the Court is of the opinion that it should be GRANTED.

THE COURT HEREBY FINDS that the ends of justice will be served by granting the continuance and such ends of justice outweigh the interests of the public and the defendant in a speedy trial, based on the following factors:

1. The issues and facts in this case are unusual and complex, and it is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act; and

IT IS HEREBY ORDERED that the case is continued until the December 3, 2021 docket call.

IT IS ORDERED that the time period between the filing of the Government's instant motion and the date set above for docket call is subject to exclusion under the provisions of Title 18, United States Code, section 3161(h)(7).

Signed this _____ day of _____, 2021.

_____
HONORABLE FRANK MONTALVO
UNITED STATES DISTRICT COURT JUDGE