IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § § | |
| **Plaintiff,** § § | **Case No. EP-21-CR-01657-FM** |
| v. § § | |
| **JOHNNY GEORGE GONZALEZ,** § § § | |
| **Defendant.** § | |

**UNITED STATES' NOTICE TO THE COURT REGARDING CRIME VICTIMS'
PARTICIPATION AND MOTION TO PERMIT REMOTE ACCESS
TO PLEA HEARING FOR CRIME VICTIMS**

The United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, respectfully notifies the Court of the intention of multiple crime victims to appear in person to attend the future plea hearing associated with the above-captioned case and moves this Court to allow remote public access to said hearing for crime victims who are unable to attend in person. In support, the United States submits the following:

The Crime Victims' Rights Act (CVRA) provides crime victims with "the right to be reasonably heard at any public proceeding in the district court involving … plea [and] sentencing," as well as "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(4), (8).

In September 2021, Special Agents with the Federal Bureau of Investigation arrested the Defendant, Johnny George Gonzalez, while contemporaneously executing a search warrant for electronic devices within his residence. In total, nearly 75 electronic devices were seized from the home. A review of the defendant's cellular telephone and one of his cloud storage accounts

3

suggested that the defendant had been receiving and distributing child pornography beginning as early as 2007. It was later revealed that the defendant was also producing child pornography. To date, six children have been identified in videos produced by Gonzalez and/or made outcries about sexual assault perpetrated by Gonzalez. The minor children currently reside in North and East Texas.

On March 11, 2022, the Parties filed plea documents to include a Felony Information, Plea Agreement, Sealed Addendum, and Personal Data Sheet. In accordance with the CVRA,[1] the families of the minor victims were previously notified of the proposed plea terms. At least two families expressed their intent to travel to El Paso to attend any future plea hearing. Other families indicated that due to the economic burden of coming to El Paso, Texas, as well as lingering concerns about traveling in the midst of the global pandemic, they would be interested in attending the plea hearing remotely by Zoom, if the Court allowed.[2]

The undersigned prosecutor has recently worked with the Courthouse's Information Technology (IT) staff to facilitate the use of videoconferencing technology to allow victims to participate in several child abuse cases, including United States v. Roy Gene Pratt, EP-20-CR-01807-DB and United States v. Carl Monroe Gordon, EP:20-CR-002260DCG. The use of Zoom was accomplished without any delays or technical issues to disrupt those proceedings.

The United States is mindful of the Court's time and asserts that in balancing the rights of the Defendant to appear in person for his sentencing hearing and the rights of crime victims to be heard, granting crime victims remote access to the in-person hearing serves the interests of justice.

---

[1] 18 U.S.C. § 3771(a)(9). A crime victim has the right "to be informed in a timely manner of any plea bargain or deferred prosecution agreement."
[2] The United States will likely renew this motion before the time of sentencing. The families have also been informed of their right to provide a victim impact statement, 18 U/SC. 3509(f) and 3771(a)(4), in preparation of the presentence report. Several families expressed that they would like to provide an in person or Zoom statement.

Accordingly, the United States respectfully notifies the Court of the intention of minor victims and their families to attend in person any future scheduled plea hearing. Moreover, the United States respectfully requests that the Court allow the use of videoconferencing technology to provide remote access by Zoom to crime victims who are not able to travel for the plea hearing.

        Respectfully submitted,

        ASHLEY C. HOFF
        UNITED STATES ATTORNEY

By:       /s/
        MICHELLE A. WINTERS
        Assistant U.S. Attorney
        New York Registration #5327473
        700 E. San Antonio, Suite 200
        El Paso, Texas  79901
        (915) 534-6884

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 14th of March, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will, in turn, send notification of said filing to following through the CM/ECF System:

Louis E. Lopez, Counsel for the Defendant.

        /s/
        MICHELLE A. WINTERS
        Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § | |
| **Plaintiff,** § § | **Case No. EP-21-CR-01657-FM** |
| v. § § | |
| **JOHNNY GEORGE GONZALEZ,** § § | |
| **Defendant.** § | |

## ORDER

On this day, this Court considered the United States' Motion to Permit Remote Access to Plea Hearing for Crime Victims, filed in the above-entitled and numbered case.

This Court, having considered the same, and in accordance with the Crime Victims' Rights Act, hereby finds that the United States' Motion should be GRANTED.

IT IS HEREBY ORDERD that crime victims associated with the above-entitled and numbered case may be provided with remote access to the Defendant's plea hearing scheduled for _____, 2022 via Zoom video-conferencing technology.

IT IS SO ORDERED this _____ day of _____, 2021.

_____
FRANK MONTALVO
U.S. DISTRICT JUDGE