FILED
May 04, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Belinda Gamez
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v.

JOHNNY GEORGE GONZALEZ, Defendant.

Case No. EP:21-CR-01657(1)-FM

Wednesday, March 20, 2022
2:08 p.m.

TRANSCRIPT OF REARRAIGNMENT
BEFORE THE HONORABLE LEON SCHYDLOWER
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government: United States Attorney's Office
By: MICHELLE WINTERS, ESQ.
CATHERINE DOS SANTOS, ESQ
700 East San Antonio Avenue, Suite 200
El Paso, Texas 79901

For the Defendant: Louis E. Lopez, Jr., Attorney at Law
By: LOUIS E. LOPEZ, ESQ.
416 N. Stanton Fourth Floor, Ste 400
El Paso, Texas 79901

Deputy Clerk: Cecilia Rodriguez
U.S. District Court
525 Magoffin Avenue, Suite 105
El Paso, Texas 79901

Transcription Company: Liberty Transcripts
7306 Danwood Drive
Austin, Texas 78759
(847) 848-4907
www.libertytranscripts.com

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

INDEX

| | Page |
| --- | --- |
| Case called | 3 |
| Motion for Continuance - Granted | 15 |
| End of Proceedings | 16 |
| Certification of Transcriber | 16 |

WITNESSES

FOR THE PLAINTIFF:

(None.)

FOR THE DEFENDANT:

(None.)

| EXHIBITS: | Marked | Received |
| --- | --- | --- |

FOR THE PLAINTIFF:

(None.)

FOR THE DEFENDANT:

(None.)

EL PASO, TEXAS, WEDNESDAY, MARCH 30, 2022, 2:08 P.M.

THE COURT: All right. I'll call the next case, 21-CR-1657, Johnny George Gonzalez.

Announcements, please?

MS. WINTERS: Good afternoon, Your Honor. Michelle Winters and Catherine Dos Santos on behalf of the United States.

THE COURT: Thank you, Ms. Winters.

MR. LOPEZ: Good afternoon, Your Honor. Louis Lopez on behalf of Mr. Gonzalez. We are ready to proceed.

THE COURT: Thank you, Mr. Lopez.

Mr. Gonzalez, good afternoon to you. You can remain seated. Let me swear you in to tell the truth. Raise your right hand for me, please.

JOHNNY GEORGE GONZALEZ, DEFENDANT, SWORN

THE COURT: All right. You can put your hand down. You don't need to raise it anymore. You've taken an oath to tell the truth. What you say today must be true or you can be prosecuted for perjury.

Do you understand that what you say in court must be true?

THE DEFENDANT: Yes, sir.

THE COURT: Louder, please.

THE DEFENDANT: Yes, sir.

THE COURT: All right. Okay. We've started the

guilty plea hearing. Counsel for the U.S. is ordered to comply with its Brady disclosure obligations. Failure to do so may result in the dismissal of charges, exclusion of evidence, adverse jury instructions, contempt proceedings, and/or sanctions.

So the hearing has started. Before we get into it, Counsel, I've took a look at the plea agreement. Do you have it with you? Both of you?

MR. LOPEZ: Yes.

MS. WINTERS: Yes.

THE COURT: Please look at Page 2 in the range of punishment section. There's a one, two, three, four, the seventh, or the sixth line starts the Defendant further understands that he's subject to a not more than $50,000 assessment pursuant to 18 U.S.C. 2259A(a)(1). I don't find any authority for that. 2259A(a)(1) provides for $17,000 if I'm not mistaken.

And then later in the paragraph there's a reference to the usual $5,000 special assessment if at the time of sentencing the Defendant's found to be non-indigent under 18 U.S.C. 3014. The latest version of the statute that I could find had that provision expiring in February of this year.

Do you guys want to take a look at that before we

move any further, because in a case like this, I'd certainly want the paperwork in the case to be correct.

MS. WINTERS: Yes, Your Honor. First to address your concern for the fine, I apologize. That is a typo. It should be 2259A(a)(3). And that's the section that has to do with if someone's convicted of a child pornography production offense.

THE COURT: Okay.

MS. WINTERS: So that is a typo. It should be 2259A(a)(3).

THE COURT: Okay. And then what about the applicability of 18 U.S.C. 3014? Congress may have extended it as far as I know.

MS. WINTERS: I just received an email about it.

THE COURT: Okay.

MS. WINTERS: Yes, Your Honor.

So on March 11th, 2022, authorization for the $5,000 special assessment under the Justice For Victims Trafficking Act was extended to September 11th of 2022 by Division O Extensions and Technical Corrections Title V, Section 401 of the Consolidated Appropriations Act.

THE COURT: Okay. What do you want to do about that typo?

I'd certainly like to send up to Judge Montalvo, if I recommend this guilty plea, paperwork that's statutorily correct. So you have one of two options. Well, one of the options is to come back and have it done correctly. And then

what I'd ask is if we do that, the rest of the plea agreement be verified to make sure that the other statutory provisions are accurate.

What are your thoughts, Mr. Lopez?

MR. LOPEZ: Your Honor, without additional delay, I agree with the Court. While we don't want to delay this, but I agree with the Court that I think given the case, given the counts, and given the amount of time of exposure that my client is facing, I think the best thing to do would be to double check and then clear up any typos or clerical errors, and then resubmit it to the Court I guess as an amended, that way we clear up everything.

And I do apologize to the Court. Michelle's been very diligent in getting this done. It has been a very difficult type of case where cobbling this together has taken quite a bit of time. And so I should have checked these things before we got to court. I do apologize for that.

THE COURT: There's no need. The plea agreement is full of statutory references that are different than the ones we usually see in the types of cases we do here in El Paso. Ms. Winters, what's your preference?

MS. WINTERS: Your Honor, our preference would be to continue if the Court would even allow us 15 minutes to go modify this section. Again, I apologize as well for overlooking that. I had used a different plea agreement that

was a straight possession of child pornography case and forgot to change this number. But I can review this. I can speak to Mr. Lopez, and that one number can be changed very quickly.

THE COURT: Okay. Well, if this is based on another plea agreement, what concerns me is that there are more statutory references throughout the main body of the plea agreement that may need some verification. Do you have enough time in 15 minutes to do all that? Or we could reset this for sometime tomorrow because I'd really like the paperwork, before it goes to Judge Montalvo, to be absolutely correct.

MS. WINTERS: Would the Court allow an hour?

THE COURT: We could do that. Mr. Lopez, does that give you enough time to ensure that you're satisfied that the contents of the plea agreement are accurate to your satisfaction?

MR. LOPEZ: I'm sure that would be plenty of time, Your Honor.

THE COURT: All right. Let's reset the hearing. Well, first of all, we're not going to go off of this plea agreement.

MS. WINTERS: Yes, Your Honor.

THE COURT: And then secondly, we can give you until let's make it 3:30 just to make sure everybody looks at every statutory reference to make sure it's okay. All right?

MS. WINTERS: Yes, Your Honor.

THE COURT: All right. And then of course, Mr. Lopez, if this is done in the form of an amended plea agreement, I will be asking Mr. Gonzalez whether he's reviewed each and every page and gone over the entire thing with you. So that will need to be done. And if for some reason you find that there are more errors in here, let me know and we'll reset this to a time tomorrow.

MS. WINTERS: Yes, Your Honor.

THE COURT: Okay? All right. We'll stand in recess. Thanks.

(Recess at 2:16 p.m./Reconvened at 3:12 p.m.)

THE COURT: All right. We're back on the record. Counsel who were present before are once again present, as is Mr. Gonzalez. Counsel, are you still working on your plea agreement?

Ms. Winters?

MS. WINTERS: I believe we've made two corrections, three corrections, Your Honor. And it's been signed, but we were waiting until we got the call from you.

THE COURT: Okay. So I want to -- obviously I'm not getting involved. I'm not allowed to get involved and I'm not getting involved in any plea negotiations. But one of the things that I have to do is make sure that I recommend to Judge Montalvo that there's a sufficient factual basis.

The most serious of these charges is obviously

Count 1, correct? That's the minimum 30 years, correct?

MS. WINTERS: Yes, Your Honor.

THE COURT: Okay. So it alleges a violation of 18 U.S.C. 2241(c). Probably going to want your statute books. Or I brought one if you need one. So Count 1 alleges obviously a specific intent to engage in a sexual act. Are you tracking, Mr. Lopez and Ms. Winters?

MS. WINTERS: Yes, Your Honor.

THE COURT: Okay. Mr. Lopez?

MR. LOPEZ: Yes, Your Honor.

THE COURT: All right.

Sexual act is defined under the Statute 2246 for this particular subchapter. And it's subsection 2. And it's got four subsections all of which involve at least some element of actual touch, and in this context it would be with an alleged minor, she, minor female, T.R. in Count 1. So it would need to be actual contact and/or penetration of her vulva or anus. So, and Count 1, the dates are July 31st through August 1st.

So I've been laboring to try to match up the factual basis with each of the 11 counts. And as best I can tell on Page 18 of the original plea agreement, I'm sorry, of the plea agreement, as best I can tell, the facts which purport to support Count 1 are on Pages 17 and 18 which discusses Victim T.R. But in looking at that, for the particular date involved, dates involved, July 31st and August 1st, the dates related to

that appear to be the second full paragraph of Page 18 which appears to me not to allege contact which suffices for 2246(2).

MS. WINTERS: Your Honor, I would draw your attention to, I believe, that was Page 17 where she's talking in the forensic interview about how Mr. Gonzalez touched her pee-pee part and poop part.

THE COURT: Right. But what date would that -- see, she's -- what I'm confused about is it says FBI agents located videos of T.R. being anally penetrated, which would certainly suffice. But then it says which is discussed below. But there is no subsequent discussion. And there are large gaps there in between these alleged incidents.

But there's a discussion in the next paragraph in September of 2021. And then in the third paragraph of 2018, the last one related to T.R., there's April 2021. But the only dates which are tied to Count 1 which is the only one which carries a minimum mandatory 30-year sentence doesn't have the contact which suffices for 2246. Right?

MS. WINTERS: It's -- so it could be worded better. But in the discussion about the sleepover from that CAFI interview, we're parsing out that the victim said in that sleepover in July, that's when Mr. Gonzalez touched her pee-pee and poop part. So there are not videos showing any kind of penetration or the touching of the pee or poop part. But that's what she alleges happened on that particular night, July

31st through August 1st.

THE COURT: Okay.

So when you give me a factual basis, it's not necessarily going to be reading from this factual basis, but you're going to be able to give me a date that ties sexual act for purposes of 2246 to the particular dates of July 31st through August 1st, because that's not contained in this plea agreement.

MS. WINTERS: Yes.

I'll make it more clear, Your Honor.

The allegation is that on July 30th, Mr. Gonzalez and his family drive starting in El Paso, through New Mexico, into Stratford Texas to get some personal items. The victim, T.R., has a sleepover at their house on the night of July 31st into the morning of August 1st. And she alleges that at that sleepover, this is when he touches her vagina and anus.

THE COURT: Okay. All right. So I guess my point was if it had just been a reading of the factual basis, I would have --

MS. WINTERS: Okay.

THE COURT: I would have had some questions about that because I've got -- there appear to me three distinct time frames here, the only one of which directed to those particular dates doesn't have the required contact.

The other thing, Mr. Lopez, that I'm going to ask is,

or I'm going to ask the Government, would the Government be able to show to support Count 1 that Mr. Gonzalez knew T.R. would be there while he was driving, because it's a specific intent charge. So I don't know what the answer to that's going to be, but that's something both sides can anticipate because the charge, the statute reads whoever crosses the state line with the intent.

So there needs to be a contemporaneous specific intent. And I'll be asking about that given the gravity of the statutory penalties. So where are we at?

MS. WINTERS: Would you like the proffer now so we can see if you'd be satisfied, or would you like us to --

THE COURT: No. I'm just going to ask it, and if it meets -- Counsel knows what the elements of the offense are. I'm just going to point that out because I didn't see that in the factual basis either.

MS. WINTERS: Yes, Your Honor.

THE COURT: And I'm going to be very particular about each and every count given the gravity of this because I think that's what Judge Montalvo is going to be expecting.

MS. WINTERS: Sure.

THE COURT: So --

MR. LOPEZ: Your Honor?

THE COURT: Yes.

MR. LOPEZ: I'm sorry. May I have a moment with the

Government?

THE COURT: You're going to -- you can have whatever time you want. I just wanted to point that out. And then is there going to be another plea agreement coming that I can take a look at before we start?

MS. WINTERS: Yes, Your Honor. We have it. We made --

THE COURT: Okay.

MS. WINTERS: -- two changes, three changes. One was just a name on the sealed addendum. We had left out an N in Johnny. And then on Page 13 of the original plea agreement under the restitution portion, this wasn't an error, but just to make it more specific, it refers to pursuant to 18 U.S.C. 2248(a) and 18 U.S.C. 2259, and it should have added a little a to be more specific.

THE COURT: Okay.

MS. WINTERS: So we added that.

THE COURT: Okay. So there's the 2259(a) on Page 13. And you said something in the sealed addendum. You just --

MS. WINTERS: Just in the caption.

THE COURT: -- added a name.

MS. WINTERS: The caption, Your Honor, his name was spelled incorrectly. So J-O-H-N-N-Y.

THE COURT: Okay.

MS. WINTERS: We had left out an N.

THE COURT: And then what was the third one?

MS. WINTERS: The third one was the one Your Honor initially caught on Page 2, the 18 U.S.C., it should have been 2259A(a)(3).

THE COURT: 2259A(a) and it's now going to read (3)?

MS. WINTERS: Correct.

THE COURT: All right. And that would only apply to the 2251 conviction, correct?

MS. WINTERS: Yes, Your Honor.

THE COURT: Okay. All right. All right. Let's go off the record. Let me know when you're ready.

(Recess at 3:21 p.m./Reconvened at 3:36 p.m.)

THE COURT: Back on the record, 21-CR-1657, Johnny George Gonzalez. Counsel still once again present, as is Mr. Gonzalez.

Where do we stand, Counsel?

MS. WINTERS: Your Honor, me and Mr. Lopez spoke, and we are asking for just a one-week continuance so we can make sure we shore up the factual basis to your satisfaction.

THE COURT: Well, not to my satisfaction.

MS. WINTERS: But, yeah, to be legally sufficient.

THE COURT: Okay. Yeah. And that's my only concern. I'm not involved in the parties' negotiations. I just, what I was going to do was, notwithstanding whatever is in the factual basis, I thought -- by the way, thank you for coming since this

is your case. It makes it so much easier.

What I was going to ask you to do during the factual basis is we just go through them one by one and you tell me what you would have proven up at trial. That's probably the easiest way. Maybe I should just start doing that in every case. But in any event, thank you for coming personally. That helps a lot.

Are you asking for that continuance, Mr. Lopez?

MR. LOPEZ: Yes, Your Honor. I join in the continuance. I think that additional time will allow us to shore up the factual basis sufficient to satisfy my client, the Government, as well as the Court.

THE COURT: All right. And again, all we're looking for is a sufficient factual basis under Rule 11 to meet each of the elements required under Count 1 and Counts 2 through 11. That will be granted. We're going to reset this to April 13th at 10:00 a.m. Does that work for both sides?

Ms. Winters?

MS. WINTERS: Yes, Your Honor.

THE COURT: Mr. Lopez?

MR. LOPEZ: Yes, Your Honor.

THE COURT: Ms. Winters, have we satisfied all of your requirements for victim notification and participation?

MS. WINTERS: Yes. Thank you very much, Your Honor. And we will make sure to reach out to the victims to let them

know of the new date. They were on a call when we began.

THE COURT: Okay. And then if there's anything further you need in that regard, let us know. And I assume that if there's going to be another iteration of the plea agreement, it would be an amended plea agreement to this information. So make sure that's styled correctly.

And, of course, nobody has to consent to me doing this. I mean, if you want it in front of Montalvo, I completely -- Judge Montalvo, I completely understand. So that's it. We'll stand in recess.

(Proceedings concluded at 3:38 p.m.)

**C E R T I F I C A T I O N**

I, DIPTI PATEL, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

/s/ Dipti Patel

DIPTI PATEL, CET-997

LIBERTY TRANSCRIPTS DATE: May 4, 2022