UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION



12-5-22

UNITED STATES OF AMERICA

v.

JOHNNY GEORGE GONZALEZ

Defendant.

Case Number: EP:21-CR-01657-FM(1)
USM Number: 64189-509

## AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, JOHNNY GEORGE GONZALEZ, was represented by Louis E. Lopez.

On motion by the United States, the Court has dismissed the Indictment and the Information.

The defendant pled guilty to the Amended Information on April 25, 2022. Accordingly, the defendant is adjudged guilty of such Counts, involving the following offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. 2241 Aggravated Sexual Abuse of a Child | August 1, 2021 | 1 |
| 18 U.S.C. 2251 Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct | August 1, 2021 | 2 |
| 18 U.S.C. 2251 Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct | April 24, 2021 | 3 |
| 18 U.S.C. 2251 Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct | January 30, 2021 | 4 |
| 18 U.S.C. 2251 Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct | November 16, 2019 | 5 |
| 18 U.S.C. 2251 Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct | October 22, 2019 | 6 |
| 18 U.S.C. 2251 Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct | July 26, 2019 | 7 |
| 18 U.S.C. 2251 Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct | September 1, 2016 – November 30, 2016 | 8 |
| 18 U.S.C. 2251 Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct | October 2, 2015 | 9 |
| 18 U.S.C. 2251 Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct | May 3, 2015 | 10 |
| 18 U.S.C. 2251 Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct | May 9-10, 2014 | 11 |

DEFENDANT:      JOHNNY GEORGE GONZALEZ
CASE NUMBER:    EP:21-CR-01657-FM(1)

As pronounced on September 14, 2022, the defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this 5th day of December, 2022.

_____
FRANK MONTALVO
United States District Judge

| | |
|---|---|
| DEFENDANT: | JOHNNY GEORGE GONZALEZ |
| CASE NUMBER: | EP:21-CR-01657-FM(1) |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of Life as to Count 1; thirty (30) years as to Counts 2 through 11. The term in Count 1 to run consecutive to the term imposed in Counts 2 though 11. The term in Counts 2 through 11 are to run concurrently to each other.

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant serves this sentence at F.C.I., Seagoville, Texas.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____ , with a certified copy of this Judgment.

United States Marshal

By _____
Deputy Marshal

DEFENDANT: JOHNNY GEORGE GONZALEZ
CASE NUMBER: EP:21-CR-01657-FM(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Life as to each of Counts 1 through 11. The terms to run concurrently.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special and/or additional conditions on the attached pages that have been adopted by this Court.

## MANDATORY CONDITIONS

1. The defendant shall not commit another federal, state or local crime during the term of supervision.
2. The defendant shall not unlawfully possess a controlled substance.
3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.
4. The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).
5. If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.
6. If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.
7. If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
8. The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. The defendant shall notify the court of any material change in defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

DEFENDANT:      JOHNNY GEORGE GONZALEZ
CASE NUMBER:    EP:21-CR-01657-FM(1)

## STANDARD CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.
3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.
4. The defendant shall answer truthfully the questions asked by the probation officer.
5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.
7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.
10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.
13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.
14. If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.
15. If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is the condition of supervision that the defendant shall provide the probation officer access to any requested financial information.
16. If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____        Date _____

DEFENDANT:        JOHNNY GEORGE GONZALEZ
CASE NUMBER:      EP:21-CR-01657-FM(1)

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

X    The defendant shall participate in a mental health treatment program and follow the rules and regulations of that program and take all prescribed medication(s). The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). The defendant must pay the costs of such treatment if financially able.

DEFENDANT: JOHNNY GEORGE GONZALEZ
CASE NUMBER: EP:21-CR-01657-FM(1)

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

X   The defendant shall participate in a sex offense-specific treatment program and submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure compliance with the requirements of supervision or the treatment program. The defendant shall follow the rules and regulations of the program. The probation officer will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall pay the costs of the program if financially able.

X   The defendant shall participate in a sex offense-specific assessment. The defendant shall pay the costs of the program if financially able.

X   The defendant shall participate in visual response testing as part of the required participation in a sex offense-specific assessment and/or treatment.

X   The defendant shall have no direct or indirect contact with the victims without the prior written consent of the probation officer.

X   The defendant shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved by the probation officer.

X   The defendant shall not reside within 1,000 feet of the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, university or playground or a housing authority owned by a public housing authority or within 100 feet of a public or private youth center, public swimming pool or video arcade facility, without prior approval of the probation officer.

X   The defendant shall not have direct contact with any child the defendant knows or reasonably should know to be under the age of 18, including his/her own children, without the permission of the probation officer. If the defendant has any direct contact with any child the defendant knows or reasonably should know to be under the age of 18, including his/her own children, without the permission of the probation officer, the defendant must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

X   The defendant shall not go to, or remain at, any place where the defendant knows children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities.

X   If required to register under the Sex Offender Registration and Notification Act, the defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

DEFENDANT:        JOHNNY GEORGE GONZALEZ
CASE NUMBER:      EP:21-CR-01657-FM(1)

X   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16911, et. seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registry agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

X   The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner.

X   The defendant shall submit to periodic polygraph testing at the instruction of the probation officer as a means to ensure compliance with the requirements of supervision.

X   The defendant shall not work in any type of employment without the prior approval of the probation officer.

X   The defendant may possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media with the permission of the probation officer. Said devices must have been approved by the probation officer and programmed with monitoring software.

X   The defendant shall participate in the Computer Restriction/Monitoring Program (CRMP) and shall abide by all rules and requirements of the program.

X   The defendant shall not access the Internet except for reasons approved in advance by the probation officer.

X   The defendant shall not go to, or remain at, a place for the primary purpose of observing or contacting children under the age of 18.

X   The defendant shall not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256).

X   If a suitable residence does not exist at the time of the defendant's release from federal custody, the defendant shall reside at a halfway house in the district he releases to, for a period up to 120 days and shall report to said facility as directed by the probation officer. In addition to abiding by all the rules of said halfway house, the defendant shall not terminate his stay at said halfway house nor separate from the facility unless authorized by the probation officer or the Director of the halfway house. The defendant shall report in person to the probation office within 72 hours of completing his stay or having been terminated from further residence at the halfway house. The Defendant shall pay 15% of his weekly gross income during his stay at the halfway house for subsistence or an appropriate amount not to exceed the daily contract rate.

DEFENDANT:         JOHNNY GEORGE GONZALEZ
CASE NUMBER:       EP:21-CR-01657-FM(1)

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth.  Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, Attn: Mail Log, Albert Armendariz, Sr. United States Courthouse, 525 Magoffin Avenue, Suite 105, El Paso, TX, 79901 or online by Debit (credit cards not accepted) or ACH payment (direct from Checking or Savings Account) through Pay.gov (link accessible on the landing page of the U.S. District Court's Website). **Your mail-in or online payment must include your case number in the exact format of DTXW321CR001657-001 to ensure proper application to your criminal monetary penalty.**

|         | Assessment  | Restitution | Fine  | AVAA Assessment* | JVTA Assessment** |
|---------|-------------|-------------|-------|------------------|-------------------|
| TOTALS: | $1,100.00   | $45,480.00  | $.00  | $.00             | $.00              |

## Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $1,100.00.

## Fine

The fine is waived because of the defendant's inability to pay.

DEFENDANT:     JOHNNY GEORGE GONZALEZ
CASE NUMBER:   EP:21-CR-01657-FM(1)

## Restitution

The defendant shall pay restitution in the amount of $45,480.00 through the Clerk, U.S. District Court, for distribution to the payee(s). Payment of this sum shall begin immediately.

The Court directs the United States Probation Office to provide personal identifier information of victims by submitting a "reference list" under seal Pursuant to E-Government Act of 2002" to the District Clerk within ten (10) days after the criminal Judgment has been entered.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| EP-21-CR-1657-FM<br>JOHNNY GEORGE GONZALEZ | $5,685.00 | | A.F. |
| EP-21-CR-1657-FM<br>JOHNNY GEORGE GONZALEZ | $5,685.00 | | B.R. |
| EP-21-CR-1657-FM<br>JOHNNY GEORGE GONZALEZ | $5,685.00 | | P.R. |
| EP-21-CR-1657-FM<br>JOHNNY GEORGE GONZALEZ | $5,685.00 | | T.R. |
| EP-21-CR-1657-FM<br>JOHNNY GEORGE GONZALEZ | 5,685.00 | | A.V. |
| EP-21-CR-1657-FM<br>JOHNNY GEORGE GONZALEZ | $5,685.00 | | L.V. |
| EP-21-CR-1657-FM<br>JOHNNY GEORGE GONZALEZ | $5,685.00 | | M.V. |
| EP-21-CR-1657-FM<br>JOHNNY GEORGE GONZALEZ | $5,685.00 | | V.V. |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.

\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

DEFENDANT:     JOHNNY GEORGE GONZALEZ
CASE NUMBER:   EP:21-CR-01657-FM(1)

# FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

1. Westgate computers 31072.

2. Lenovo ThinkStation, bearing serial number PCOFL10K.

3. HP Pavilion Slimline, bearing serial number 3CR9440J03.

4. Lenovo ThinkPad- Hilmar Cheese Company, bearing serial number PC03BPZW.

5. Lenovo ThinkPad- Hilmar Cheese Company, bearing serial number 20AN0069UST440P

6. SanDisk Impact 256MB.

7. Western Digital WD Caviar, bearing serial number WCAP96000796.

8. Western Digital WD Caviar, bearing serial number WCAT14219672.

9. Seagate 2000GB Barracuda, bearing serial number S1E1LZ38.

10. Western Digital SATA/32MB Cache 500GB, bearing serial number WCAV92732664.

11. Seagate 500GB Barracuda, bearing serial number Z3TBCW4K

12. Toshiba 1.OTB, bearing serial number 367YMZ3NS U93

13. Axiom Memory Solutions 2GB, bearing serial number 15899

14. Axiom Memory Solutions 4GB 51272V8D3R13811

15. Samsung 2GB M393B5673EH1- CH9Q1 1008.

16. Samsung 2GB M378B5673F110- CF8 1016.

17. Samsung 2GB M393B5673FH0- CH9Q5 MIII5.

18. Hynix 2GB HMT325U6BTR8C- H9 NO AA.

19. Kingston KVIR 9931070- 001 AOOG

20. HP Laptop, model 14- AXO2OWM, bearing serial number 5Cd63673N4.

21. iPad, model A1432, bearing serial number F7QM2PGBFP84.

DEFENDANT: JOHNNY GEORGE GONZALEZ
CASE NUMBER: EP:21-CR-01657-FM(1)

22. iPhone, model A1784, IC ID: 579C- E3092A.

23. iPhone, model A1429, IMEI: 990002794730612

24. iPhone S, model A1633, IC ID: 579C- E2946A.

25. PNY 8GB.

26. SanDisk Cruzer 64GB.

27. SanDisk Cruzer Glide 32GB.

28. SanDisk 128GB.

29. SanDisk Cruzer Edge 8GB.

30. SanDisk Cruzer Micro 4.0GB.

31. Kingston 32GB.

32. Kingston DTSE9 G2 16GB.

33. Kingston DTSE9 G2 32GB.

34. MECO Thumbdrive.

35. SanDisk Ultra 8GB SD card.

36. WD My Passport, bearing serial number WX11DA9ACCEK.

37. WD My Passport, bearing serial number WXFILB85W739.

38. WD My Passport, bearing serial number 20039C805792.

39. Tripp Lite hard drive, bearing serial number 2717AKSCU883E00663.

40. Seagate hard drive, bearing serial number ZDE013CF.

41. GoPro.

42. Lenovo laptop; bearing serial number MJ- OBVQVT.

43. Dell Latitude 7480.

44. iPhone 12 ProMax, bearing serial number GONDVKYUOD46.

DEFENDANT:     JOHNNY GEORGE GONZALEZ
CASE NUMBER:   EP:21-CR-01657-FM(1)

45. Sapphire Shell with Western Digital hard drive, bearing serial number 195206803910.

46. Seagate Expansion desktop drive, bearing serial number 195206803910.

47. Acer, bearing serial number 53604664923.

48. SanDisk Extreme Pro SD card 17OMBI128GB

49. Axiom USB drive, bearing serial number FMB950149.

50. Kingston DTSE9 G2 USB 3.0 16GB.

51. Kingston DTSE9 G2 USB 3.0 32GB.

52. 1 Silver USB.

53. SanDisk adapter with microSD 128.

54. Lenovo ThinkPad, model T460, bearing serial number PC-OHUC53.

55. Intel SSD pro 5400S series, ISN: CVLT7O33O1LY256HGN.

56. Kingston Digital USB adapter Mobile light G4, with CE FC CL83181OLX.

57. SanDisc SD card 170MB.

58. WD Blue 500GB 3D and SATA SSD Solid State Drive, bearing serial number 19488C802868.

59. Seagate, bearing serial number WN905M90.

60. Western Digital hard drive, bearing serial number WMAV52019414.

61. Western Digital hard drive, bearing serial number WMAV2SOO1SOO.

62. iPhone, model A1428, IMEI: 013428007215047.

63. iPhone, model A1532, IMEI: 358822050882484.

64. iPhone, model A1549 IMEI: 35446067938222.

65. Black Logitech USB.

66. iPhone 5S, IMEI: 013789008734124.

67. SanDisk adapter and microSD 128GB.

68. WD blue desktop hard drive, bearing serial number WCC1S8397386.

DEFENDANT: JOHNNY GEORGE GONZALEZ
CASE NUMBER: EP:21-CR-01657-FM(1)

69. WD My Passport Ultra hard drive, bearing serial number WXAE54LMT69.

70. Western Digital hard drive, bearing serial number WX61AB753S19.

71. Western Digital hard drive, bearing serial number BNGPJTBE.

72. Western Digital hard drive, bearing serial number 20036F805124.

73. Western Digital hard drive, bearing serial number WXP1A87OKSPS.

74. Advanced Format hard drive, bearing serial number Y9HA96XB.

75. Advanced Format hard drive, bearing serial number Y9KTG3BM.

76. Seagate hard drive, bearing serial number 5RQOOVID3.

77. Toshiba hard drive, bearing serial number 22BBCE8DT.

78. Toshiba hard drive, bearing serial number 35BMWET3T.

79. Seagate hard drive, bearing serial number WN9OB12R.

80. Seagate hard drive, bearing serial number ZDEO14LE.

81. SanDisk hard drive, bearing serial number 161278405550.

82. Any and all other property and/or accessories involved in or used in the commission of the criminal offense; and 83. Any and all other property involving any visual depiction described in section 2251, 2251A, or 2252, 2252A, 2252B, or 2260.